HEATHER WILLIAMS, # 122664
Federal Defender
LEXI NEGIN, Bar #250376
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
PHILLIP LACEFIELD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>PHILLIP LACEFIELD,<br><br>  Defendant. | No. 2:13-cr-00085-JAM<br><br>**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE** |

    Mr. Phillip Lacefield moves the Court for an order pursuant to 18 U.S.C. § 3583(e)(1) terminating supervised release early due to his successful performance. Such an order is warranted by Mr. Lacefield's excellent conduct and by the interests of justice. Mr. Lacefield's supervising probation officer confirms that he has served over three years of supervised release with complete compliance and he has been faithfully and consistently making monthly restitution payments as he can afford them.

    At this point Mr. Lacefield requests termination because the special condition that he "shall not be employed where he may have access to personal identifying information of others" is preventing him from gainful employment. According to the probation officer, Mr. Lacefield is actively seeking employment and avails himself of all assistance from the probation office. However, the special condition, combined with a shoulder injury has prohibited him from gainful employment despite his excellent efforts.

**BACKGROUND**

Mr. Lacefield's first case originated in the Western District of Tennessee, where he was indicted on February of 2002, for violations of 18 U.S.C. § 1957 (engaging in monetary transactions of property derived from unlawful activity) and 18 U.S.C. §1028(a)(7)(fraud with identification documents)(W. Dist. Tenn. case no. 2:02-cr-20051-SHM-1.) On April 7, 2006, the Court sentenced Mr. Lacefield to 57 months incarceration for these offenses. In May of 2002, he was indicted for a second case for violations of 18 U.S.C. §§ 1341, 1343 (mail and wire fraud) and 18 U.S.C. § 1014 (false statements on loan/credit application) and 18 U.S.C. § 1001 (false statements) (W. Dist. Tenn. case. No. 2:02-cr-20203-SHM-1). On April 19, 2006, the Court sentenced Mr. Lacefield to 41 months incarceration to run consecutive to the 57 month sentence for the 02-cr-20051 case for a total of 98 months incarceration. The Court ordered three year terms of supervised release in each case, and ordered that they run consecutively to one another.

Mr. Lacefield began his supervised release on March 27, 2010 in the Eastern District of California. Jurisdiction was transferred officially to the Eastern District of California on April 1, 2013.

Mr. Lacefield has been making great strides since his incarceration. Mr. Lacefield was released from prison to a halfway house in San Francisco and worked for an internet archive company during his stay at the halfway house. His time at the halfway house ended in March of 2010 and he began his first term of supervised release in Sacramento. He continued to work at the internet archive company after his time at the halfway house ended, but he was eventually laid off due to the company's financial health. From the halfway house he moved into the home of his parents in Rio Linda, California and he helps them as much as he can.

The probation officer has had to reject many potential jobs for Mr. Lacefield due to the condition of supervised release that says that he "shall not be employed where he may have access to personal identifying information of others." Mr. Lacefield has a rotator cuff injury and had surgery that prevents him from doing manual labor type work.

Today Mr. Lacefield continues to recuperate from his surgery and he is fervently looking for work. He is very involved with his local church in Woodland, California. He is a devout member in the choir and he teaches bible study classes there. Although he has been unemployed since his shoulder surgery, he makes monthly restitution payments by using his benefits from State Unemployment or State Disability.

Unfortunately, his State Disability benefits will end in October of 2013, and for this reason, Mr. Lacefield is desperate for employment.

The supervised release condition that prohibits work that gives him access to personal identifying information closes the door to a wide array of jobs in fields in which Mr. Lacefield could work. The probation officer agrees that this condition of supervised release is preventing Mr. Lacefield from gainful employment.

**LEGAL AUTHORITY**

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In so doing, the Court must consider the following factors set forth in 18 U.S.C. § 3553(a):

   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

   (2) the need . . .

      (B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . .

   (4) the kinds of sentence and the sentencing range [established by the sentencing guidelines].

   (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . .

   (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .; and

   (7) the need to provide restitution to any victims of the offense.

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109)(rev'd 2010)(emphasis added).

Pursuant to the policy, "there is a presumption in favor of recommending early termination" for supervisees after the first 18 months if they are not "career violent and/or drug offenders, sex offenders, or

1 terrorists," if they "present no identified risk to the public or victims," and if they are "free from any moderate or high severity violations." Id., § 380.10(g).

Further, on February 16, 2012, the Honorable Robert Holmes Bell, Chair of the Committee on Criminal Law of the Judicial Conference, issued a memorandum to all United States District Court Judges *encouraging* them to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs. (Exh. A.) Terminating "appropriate cases before they reach their full term saves resources and allows officers to focus on offenders who continue to pose the greatest risk of recidivism." Judge Bell's memorandum notes that supervision costs approximately $3,938 per year per case. Analysis by the Administrative Office of the Courts indicates that offenders who received early termination were "arrested less often, for less serious charges, and were sentenced to terms of imprisonment less often." Accordingly, "[f]rom a policy standpoint, it appears that the above criteria, when properly applied, *does not jeopardize public safety*." Id.

Given Mr. Lacefield's commendable reentry into the community and performance on supervised release, he respectfully requests that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583 (e).

Respectfully submitted,

HEATHER WILLIAMS
Federal Defender

Dated:  August 26, 2013         */s/ Lexi Negin*
                                LEXI NEGIN
                                Assistant Federal Defender
                                Attorneys for PHILLIP LACEFIELD

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. 2:13-cr-00085-JAM |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| PHILLIP LACEFIELD, ) | |
| Defendant. ) | |

Having considered the Defendant's Motion to Terminate Supervised Release, and any government response thereto, it is this 26th day of August, 2013, hereby, ORDERED that the supervision granted is hereby terminated successfully.

DATE: 8/26/2013

/s/ John A. Mendez
United States District Court Judge

Mot. to Terminate TSR                                                −5−